AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| LEONARDO JIMENEZ-VERGEL | ) | Case Number: DPAE2:12CR000278-002 |
| | ) | USM Number: 91999-054 |
| | ) | Mark T. Wilson, Esq. |
| | | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   1, 2 – 25 and 26 – 45

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
| --- | --- | --- | --- |
| 18:1956(h) | Conspiracy to Commit Money Laundering | 9/13/2011 | 1 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 2/15/2011 | 2 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 2/15/2011 | 3 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 2/15/2011 | 4 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 2/15/2011 | 5 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 2/15/2011 | 6 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 23, 2015
Date of Imposition of Judgment

/s/ Signature of Judge

Lawrence F. Stengel, U.S. District Judge
Name and Title of Judge

2/25/15
Date

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
             Sheet 1A

Judgment—Page 2 of 6

DEFENDANT: LEONARDO JIMENEZ-VERGEL
CASE NUMBER: DPAE2:12CR000278-002

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 2/22/2011 | 7 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 2/23/2011 | 8 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 2/25/2011 | 9 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/2/2011 | 10 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/3/2011 | 11 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/3/2011 | 12 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/4/2011 | 13 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/4/2011 | 14 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/4/2011 | 15 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/4/2011 | 16 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/4/2011 | 17 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/7/2011 | 18 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/7/2011 | 19 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/7/2011 | 20 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/7/2011 | 21 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/7/2011 | 22 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/8/2011 | 23 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/8/2011 | 24 |
| 18:1956(a)(1)(B)(i) & 2 | Concealment Money Laundering; Aiding & Abetting | 3/8/2011 | 25 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 4/1/2011 | 26 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 4/1/2011 | 27 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 2/15/2011 | 28 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 2/15/2011 | 29 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 2/15/2011 | 30 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 2/17/2011 | 31 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 2/18/2011 | 32 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 2/17/2011 | 33 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 2/22/2011 | 34 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 2/23/2011 | 35 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 2/23/2011 | 36 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 2/25/2011 | 37 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 2/25/2011 | 38 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 2/25/2011 | 39 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 3/2/2011 | 40 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 3/7/2011 | 41 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 3/8/2011 | 42 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 3/8/2011 | 43 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 3/9/2011 | 44 |
| 18:1956(a)(2)(B)(1) & 2 | International Money Laundering; Aiding & Abetting | 3/18/2011 | 45 |

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

AO 245B    (Rev. 09/11) Judgment in Criminal Case
       Sheet 2 — Imprisonment

|  |  |
|---|---|
| DEFENDANT: | LEONARDO JIMENEZ-VERGEL |
| CASE NUMBER: | DPAE2:12CR000278-002 |

Judgment — Page 3 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
Time-served as to counts 1 - 45, all to run concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal, to be released immediately.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page **4** of **6**

DEFENDANT: LEONARDO JIMENEZ-VERGEL
CASE NUMBER: DPAE2:12CR000278-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three (3) years as to counts 1 – 45, all to run concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page 5 of 6

DEFENDANT:     LEONARDO JIMENEZ-VERGEL
CASE NUMBER:   DPAE2:12CR000278-002

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall cooperate with Immigration and Customs Enforcement to resolve any problems with the defendant's status in the United States. The defendant shall provide truthful information and abide by the rules and regulations of the Bureau of Immigration and Customs Enforcement. If deported, the defendant shall not re-enter the United States without the written permission of the Attorney General. If the defendant re-enters the United States, the defendant shall report in person to the nearest U.S. Probation Office within 8 hours.

The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

It is further ordered that the Court remits the special assessment in this case.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

|  |  |
|---|---|
| DEFENDANT: | LEONARDO JIMENEZ-VERGEL |
| CASE NUMBER: | DPAE2:12CR000278-002 |

Judgment — Page  6  of  6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |

| **TOTALS** | $ _____ | $ _____ |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.